865 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ST. MARYS FOUNDRY COMPANY, and, Party in Interest, St. Marys
Foundry, Inc., Respondents,
and
United Electrical, Radio & Machine Workers of America (UE)
and Its Local No. 763, Intervenors.
 No. 87-5922.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1988.
 
 Before MILBURN, RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges.
 
 JUDGMENT
 
 1
 THIS CAUSE came on to be heard upon the application of the National Labor Relations Board for the enforcement of a certain order issued by it against the Respondent, St. Marys Foundry Company, St. Marys, Ohio, its officers, agents, successors, and assigns, and Party in Interest St. Marys Foundry, Inc., St. Marys, Ohio, and its officers, agents, successors, and assigns on June 12, 1987. The Court heard argument of respective counsel on June 14, 1988, and has considered the briefs and transcript of record filed in this cause. On November 3, 1988, the Court, being fully advised of the premises, handed down its opinion granting enforcement of the Board's Order. In conformity therewith, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that Respondent, St. Marys Foundry Company, St. Marys, Ohio, its officers, agents, successors, and assigns, and Party in Interest St. Marys Foundry, Inc., St. Marys, Ohio, and its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to bargain with United Electrical, Radio and Machine Workers of America, and Its Local 763 (hereinafter called the Union) as the exclusive representative of its employees in the appropriate unit set forth below with respect to the effects on the unit employees of its decision to cease operations and close its St. Marys, Ohio facility. The appropriate unit is:
 
 
 4
 All production and maintenance employees, pattern chasers and truck drivers employed by the Respondent at its St. Marys, Ohio foundry, excluding all office clerical employees, foremen, assistant foremen, salaried employees, and all professional employees, guards and supervisors as defined in the Act.
 
 
 5
 (b) Refusing to bargain collectively with the Union by refusing to furnish it relevant and reasonably necessary information for the Union to administer its collective-bargaining agreement and to process grievances.
 
 
 6
 (c) Repudiating the grievance-arbitration provision of the collective-bargaining agreement by refusing to arbitrate grievances filed by the Union.
 
 
 7
 (d) In any like or related manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed them in Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 8
 2. Take the following necessary affirmative action along with the successor St. Marys Foundry, Inc. to the extent indicated for it in subsections 2(b), (c) and (h) to effectuate the policies of the Act:
 
 
 9
 (a) Upon request, bargain collectively with the Union with respect to the effects on the unit employees of the cessation of operations and closing its St. Marys, Ohio facility and if any understanding is reached, embody it in a signed agreement.
 
 
 10
 (b) Notify St. Marys Foundry, Inc. of the effects bargaining which at its option shall have the right to participate in that bargaining between the Respondent and the Union.
 
 
 11
 (c) Jointly and severally with St. Marys Foundry, Inc. pay those unit employees who were terminated on 23 December 1983 when Respondent ceased operations and closed its St. Marys, Ohio facility their normal wages, plus interest in the manner set forth in the Remedy section of the Administrative Law Judge's Decision.
 
 
 12
 (d) Arbitrate the Union's two grievances filed on 2 February 1984 alleging violation of the collective-bargaining agreement by terminating its employees and not following the successors and assigns clause.
 
 
 13
 (e) Furnish the Union with a complete copy of the asset purchase agreement between Respondent and St. Marys Foundry, Inc.; an accounting of the proceeds of the sale of Respondent; and an accounting and full explanation of how the proceeds of the sale of Respondent were distributed.
 
 
 14
 (f) Preserve and, upon request, make available to the Board or its agents for examination and copying all payroll records, social security payment records, timecards, personnel records and reports and all other records necessary to analyze and determine the amount of backpay due under the terms of this Judgment.
 
 
 15
 (g) Mail a copy of the attached notice marked "Appendix" to the Union and to all employees employed by Respondent in the appropriate unit when it ceased operations and closed its facility on 23 December 1983.
 
 
 16
 (h) Notify along with St. Marys Foundry, Inc. the Regional Director for Region 8 of the Board (Cleveland, Ohio), in writing, within 20 days from the date of this Judgment what steps Respondent and St. Marys Foundry, Inc. have taken to comply herewith.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 17
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 18
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 19
 WE WILL NOT fail or refuse to bargain with UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA, and ITS LOCAL 763 as the exclusive representative of our employees in the appropriate unit set forth below with respect to the effects on our unit employees of our decision to cease operations and close our St. Marys, Ohio facility. The appropriate unit is:
 
 
 20
 All production and maintenance employees, pattern chasers and truck drivers employed by the Respondent at its St. Marys, Ohio foundry, excluding all office clerical employees, foremen, assistant foremen, salaried employees, and all professional employees, guards and supervisors as defined in the Act.
 
 
 21
 WE WILL NOT refuse to bargain collectively with the above named labor organizations by refusing to furnish them relevant and reasonably necessary information for them to administer the collective bargaining agreement and to process grievances.
 
 
 22
 WE WILL NOT repudiate the grievance-arbitration provision of our collective-bargaining agreement by refusing to arbitrate grievances filed by the above-named labor organizations.
 
 
 23
 WE WILL NOT in any like or related manner interfere with, restrain or coerce employees in the exercise of the rights guaranteed them in Section 7 of the Act.
 
 
 24
 WE WILL upon request bargain collectively with UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA, and ITS LOCAL 763 with respect to the effects on the unit employees of our cessation of operations and closing our St. Marys, Ohio facility and if any understanding is reached, WE WILL embody it in a signed agreement.
 
 
 25
 WE WILL jointly and severally with our successor St. Marys Foundry, Inc. pay our unit employees who were terminated on 23 December 1983 when we ceased operations and closed our St. Marys, Ohio facility their normal wages for a period specified by the National Labor Relations Board, plus interest.
 
 
 26
 WE WILL arbitrate the grievances filed by the above-named labor organizations on 2 February 1984 alleging violations of the collective-bargaining agreement by our terminating our employees and not following the successors and assigns clause.
 
 
 27
 WE WILL furnish the above-named labor organizations a complete copy of the asset purchase agreement between us and St. Marys Foundry, Inc., an accounting of the proceeds of our sale of St. Marys Foundry Company, and an accounting and full explanation of how the proceeds of our sale of St. Marys Foundry Company were distributed.
 
 ST. MARYS FOUNDRY COMPANY
 
 28
 (Employer)
 
 
 29
 Dated __________ By ____________________ (Representative) (Title)
 
 
 30
 This is an official notice and must not be defaced by anyone.
 
 
 31
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Anthony J. Celebrezze Federal Building, 1240 E. 9th Street--Room 1695 (Tel. (216) 522-3733).